IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA WILLIAMS,

        Plaintiff,

vs.                          Case No. 15-1255-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

On March 30, 2016, this court issued an order reversing the decision of the Commissioner and remanding the case for further hearing (Doc. 15). On July 7, 2016, this court approved an order for attorney fees under the EAJA in the amount of $4,212.50 (Doc. 18).

On May 4, 2018, plaintiff received notice of a fully favorable decision (Doc. 19-3). On June 16, 2018, plaintiff received a notice of the award (Doc. 19-4). Plaintiff's counsel has filed a motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 19). Defendant filed a response to the motion indicating that they have no objection to the motion (Doc. 20).

Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a

judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order (reviewing courts should disallowing windfalls for lawyers). Id., 535 U.S. at 808.

Plaintiff and her attorney entered into a contingent fee agreement whereby plaintiff agreed to pay her attorney 25% of her past due benefits if she received an award of benefits (Doc. 19-5). Plaintiff received an award of past due benefits. Defendant withheld $14,322.75 for past due benefits to pay plaintiff's counsel (Doc. 19-4 at 4). Plaintiff's counsel is requesting the court to award $8,322.75 (25% of the total past due benefits less any fees authorized under § 406(a)) in § 406(b) attorney fees. Plaintiff's counsel spent 15 hours representing plaintiff in the district court action, and the law

2

clerk for plaintiff's counsel spent 14 hours working on plaintiff's case in the district court action, for a total of 29 hours (Doc. 19-6).

In the case of Grace v. Colvin, 2015 WL 7102292 at *1-2, Case No. 12-1017-JWL (D. Kan. Nov. 13, 2015), the Commissioner had withheld $28,077.65 (25% of the past-due benefits) from her award to plaintiff, to be applied to payment of that fee. Counsel's agreement with plaintiff was for 25% of past-due benefits. However, counsel only requested a fee of $17,000.00 for 39.35 hours of work. This represented an hourly rate of $432.02. The court found that the attorney fee of $17,000.00 was reasonable in the circumstances of that case.

In the case of Russell v. Astrue, 509 F.3d 695, 696-697 (10th Cir. Jan. 31, 2013), the court found that an hourly rate of $422.92 was not beyond the bounds of reasonable judgment or permissible choice (this represented a reduction from an effective hourly rate of $611 requested by counsel). In the case of Brown v. Colvin, Case No. 12-1456-SAC (D. Kan. Sept. 20, 2016), the court found that an hourly fee of $307.64 was reasonable. In the case of Glaze v. Colvin, Case No. 13-2129-SAC (D. Kan. July 15, 2015, Doc. 23), the court found that an hourly fee of $293.00 was reasonable. In the case of Sharp v. Colvin, Case No. 09-1405-SAC (D. Kan. Jan. 13, 2015), the court found that an hourly rate of $258.63 was reasonable. In the

case of Bryant v. Colvin, Case No. 12-4059-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $418.28 was reasonable. In the case of Roland v. Colvin, Case No. 12-2257-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $346.28 was reasonable. In the case of Wulf v. Astrue, Case No. 09-1348-SAC (D. Kan. May 30, 2012, Doc. 23), the court found that an hourly fee of $321.01 was reasonable. In the case of Vaughn v. Astrue, Case No. 06-2213-KHV, 2008 WL 4307870 at *2 (D. Kan. Sept. 19, 2008), the court found that $344.73 was a reasonable hourly fee. In Smith v. Astrue, Case No. 04-2197-CM, 2008 WL 833490 at *3 (D. Kan. March 26, 2008), the court approved an hourly fee of $389.61. In summary, hourly fees ranging from $258.63 to $432.02 have been approved in the cases cited above. See Robbins v. Barnhart, Case No. 04-1174-MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)(In his brief, the Commissioner noted that, in interpreting Gisbrecht, courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

As noted above, plaintiff's counsel spent 15 hours, and the law clerk for plaintiff's counsel spent 14 hours working on plaintiff's case in the district court action (Doc. 19-6). Plaintiff seeks 8,322.75 in attorney fees.

In the case of Siraco v. Astrue, 806 F. Supp.2d 272, 274 (D. Me. 2011), plaintiff's counsel sought 406(b) attorney fees

4

of $11,366.62 for 30.15 hours, of which 4.7 hours were performed by an attorney and 25.45 hours were performed by paralegal work. As that court noted, Gisbrecht requires that within the 25% limit, the attorney must show that the fee sought is reasonable for the services rendered. Id. The Commissioner argued that too much was being requested for the paralegal's work. Id. at 277. The court noted that some lawyers do all their own research; some outsource; some use paralegals; some use law clerks, legal assistants, or interns. The court stated that it is not the purpose of a fee award to encourage or discourage one or another of these. Thus, the court reasoned, if a law firm is able to educate a paralegal to do some of the work that other firms assign to lawyers, that ability should not compel it to reduce its contingent fee. Id. at 278. The court indicated that the issue is whether contingent fee agreement yielded a reasonable fee amount in this case. Id. at 278-279. The court granted the attorney fee request. Id. at 280.

In the case of Howell v. Colvin, 2014 WLL 317798 (W.D. Okla. Jan. 28, 2014), plaintiff requested a 406(b) fee of $18,242.75 for 30.6 hours of attorney time and 11.2 hours of paralegal time. The court noted that the Commissioner offered no authority for excluding paralegal time, and cited to the Siraco case for the proposition that the proper issue is not whether paralegal time is compensable but whether the percentage

5

contingent fee agreement yields a reasonable fee amount. The court found that the fee request was reasonable. See also <u>Dixon v. Colvin</u>, 2016 WL 55275 at *2 (D. S.C. Jan. 5, 2016)(court, citing to <u>Siraco</u>, approved 406(b) request for 8.75 hours spent by attorneys and 19.75 hours done by paralegals, also indicating that the issue is not whether paralegal time is compensable, but whether the overall award yields a reasonable fee amount; i.e., is it reasonable in light of the amount of work put forth by plaintiff's counsel and the outcome of the case); <u>Atwood v. Commissioner of Social Security</u>; 2011 WL 6372790 at *2 (D. Oregon, Dec. 19, 2011)(adopting rationale in <u>Siraco</u>).

Plaintiff's attorney and the law clerk for plaintiff's attorney spent 29 hours on this case at the district court level. The request thus represents an effective hourly rate of $286.99 ($8,322.75 ÷ 29). The requested hourly rate is within the range of hourly fees approved in the above cases, and is reasonable in light of the amount of work put forth by plaintiff's counsel and the law clerk for plaintiff's counsel, which resulted in a fully favorable verdict and award of past due benefits. The court therefore finds that a § 406(b) fee of $8.322.75, which represents an effective hourly rate of $286.99 (for 29 hours) is a reasonable fee in this case.

IT IS THEREFORE ORDERED that the motion by plaintiff's counsel for an award of attorney fees under 42 U.S.C. § 406(b)

(Doc. 19) is granted.  Plaintiff's attorney is entitled to $8,322.75 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount she is withholding from plaintiff's past due benefits.

IT IS FURTHER ORDERED that plaintiff's counsel shall refund to plaintiff $4,212.50, which counsel received as fees under the EAJA, after plaintiff's attorney receives their $8,322.75 in attorney fees from the Commissioner.

Dated this 27th day of July 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge